IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD A. GORMAN, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | No. 14-890 |
| | : | |
| KARL F. STEINBORN at al., | : | |
| Defendants. | : | |

MCHUGH, J.                                                                                                          MAY 20, 2015

## MEMORANDUM

This is an action for defamation brought by Plaintiff Richard Gorman against Karl Steinborn, among others.  Gorman is affiliated with the various enterprises that are in the business of distributing consumer goods.  Included among these businesses were "brand.com" and "Reputation Changer," which sought to monitor and improve the image of individuals and businesses as they were described on the Internet.  The business captured public attention when the name "brand.com" was purchased by Gorman and others for a substantial sum of money.

In the summer of 2013, Gorman's business became the focus of Internet postings and communications on Twitter that falsely accused him of being a convicted child molester and pedophile.  Another posting stated that his daughter was conceived as a result of a rape.  Later that same year, Gorman received an email communication seeking to extort a substantial sum of money from him, with a threat to harm him, his family, and his current or former businesses if he refused the demand.

Gorman retained counsel and also undertook an investigation through a consulting firm, Kroll Advisory Solutions.  That investigation led to the conclusion that the defendant Karl Steinborn, among others, was behind the defamation and the personal attacks.

Suit was filed in Pennsylvania state court, and removed to the Eastern District of Pennsylvania in February of 2014.  A default was entered by the Clerk of Court, and on November 24, 2014, after concluding that personal jurisdiction existed over the defendant pursuant to Pennsylvania's Long-Arm statute, I entered a default judgment.  A hearing on damages was conducted on April 17, 2015, at which time I admitted into evidence various documents, and heard testimony from Plaintiff and a business associate.  Appropriate notice was given to Defendant Steinborn, but he did not appear.

First, separate and apart from the allegations in the complaint, I conclude that Plaintiff Richard Gorman was defamed.  The allegations against him, that he was convicted of child molestation and is a proven pedophile are patently false, as is the scandalous allegation that his daughter was conceived as a result of a rape.

I am further persuaded by the evidence the Mr. Gorman has suffered damages.  First, with respect to special damages, he incurred investigatory expenses of $3,700.72, and legal fees in the total amount of $43,907.33.  Mr. Gorman further claims loss of revenue to his business, but from the evidence presented, because none of his businesses are parties to this action, I am not persuaded that I can award such damages as a matter of law.

Nonetheless, the evidence is clear that he was the target of a reprehensible campaign aimed at impugning his character with the specific purpose of harming his ability to conduct business and destroying his personal reputation.  Mr. Gorman recounted in clear detail the emotional distress that he has suffered, and the lengths to which he has had to go to convince third parties that he has not committed the vile acts of which he has been accused.  Of particular note, Mr. Gorman recounted how, as the scandal spread, the parents of his children's friends

began to limit social contact and undermine his family life.  It is difficult for me to conceive a worse accusation against a father than that of being a pedophile.

Furthermore, although I declined to award damages for direct loss of business income, I conclude from a preponderance of the evidence that the emotional distress encountered by Mr. Gorman and the degree to which he was forced to commit his concentration and energy to salvaging his reputation, dramatically impacted his ability to pursue his normal activities—both business and personal—and completely undermined his quality of life.

I conclude from a preponderance of the evidence that, separate and apart from the special damages itemized above, Mr. Gorman is entitled to compensatory damages for his non-economic losses, including his mental anguish and emotional suffering, in the amount of $3 million.

I further conclude that because of the widespread dissemination and pernicious nature of the defamation that occurred, Plaintiff is entitled to permanent injunctive relief designed to prevent further damage to his reputation and further threats to his safety.

An appropriate order will be entered.

      /s/ Gerald Austin McHugh
United States District Court Judge